

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-14-2006

# USA v. Penzera

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-2875

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Penzera" (2006). *2006 Decisions.* Paper 1590.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1590

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 04-2875
_____

UNITED STATES OF AMERICA

v.

DAWN PENZERA,

Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 03-cr-00171)
District Judge:  Honorable Terrence F. McVerry
_____

Submitted Under Third Circuit LAR 34.1(a)
February 13, 2006

Before:  SCIRICA, *Chief Judge*, BARRY and FISHER, *Circuit Judges*.

(Filed February 14, 2006)
_____

OPINION OF THE COURT
_____

FISHER, *Circuit Judge*.

Appellant Dawn Penzera challenges the legality of her sentence under *United*

*States v. Booker*, 125 S. Ct. 738 (2005).  Because our decision in *United States v. Davis*,

407 F.3d 162 (3d Cir. 2005), controls this case, we will vacate Penzera's sentence and remand to the District Court for resentencing.

## I.

As we write only for the parties, we will relate only the facts relevant to our disposition of the case. On January 12, 2004, Penzera pled guilty to two counts of unauthorized use of an access device in violation of 18 U.S.C. § 1029, and on June 15, 2004, she was sentenced to concurrent prison terms of 51 months on each count, three years' supervised release, and $6,838.19 in restitution.

## II.

In *Davis*, this Court adopted the policy of remanding for resentencing all cases pending on direct review when *Booker* was decided, in which the defendant was sentenced under the mandatory Sentencing Guidelines regime that existed prior to *Booker*. *Davis*, 407 F.3d at 165. We explained that

> [b]ecause the sentencing calculus was governed by a Guidelines framework erroneously believed to be mandatory, the outcome of each sentencing hearing conducted under this framework was necessarily affected. Although plain error jurisprudence generally places the burden on an appellant to demonstrate specific prejudice flowing from the District Court's error, in this context – where mandatory sentencing was governed by an erroneous scheme – prejudice can be presumed.

*Id*.

Our practice, therefore, is to vacate and remand all sentences imposed in which the District Court acted under the mandatory Guidelines framework, so that all sentencing

2

issues may be properly resolved in the first instance by the District Court in light of *Booker*.

## III.

*Booker* was decided on January 12, 2005, one year after Penzera's guilty plea and six months after her sentence was imposed. Because Penzera was sentenced under the mandatory Guidelines framework, *Davis* requires that her case be returned to the District Court for resentencing. Accordingly, we will vacate the judgment of the District Court and remand the case for resentencing in light of *Booker*.